1 | Patricia L. McCabe
California State Bar No. 156634
2 | Law Office of Patricia L. McCabe
7100 Hayvenhurst Avenue, Suite 314
3 | Van Nuys, CA 91406
(818) 907 9726; Facsimile (818) 907 6384
4 | email: plmccabe@aol.com

5 | Attorney for Plaintiff,
MARTHA WINKLER

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 | **CV08-8269** ᴴᴸᴹ   (CWx)

11 | MARTHA WINKLER,                     )   Case No.:
                                        )
12 |               Plaintiff,           )   COMPLAINT
                                        )
13 |                                    )
                                        )
14 | v.                                 )   1)   Breach of Contract
                                        )   2)   Tortious Breach of the Implied
15 | AETNA LIFE INSURANCE               )        Covenant of Good Faith and Fair
COMPANY; THE NATIONAL                   )        Dealing
16 | AMERICAN RED CROSS LONG            )   3)   Breach of Implied-In-Fact Contract
TERM DISABILITY                         )   4)   Fraud
17 | PLAN, and                          )   5)   Declaratory Relief
DOES 1-10, Inclusive                    )   6)   Failure to Pay Benefits Pursuant
18 |                                    )        29 U.S.C. § 1132
               Defendants.              )
19 |                                    )   DEMAND FOR JURY TRIAL

20

21 |       COMES NOW, Plaintiff, MARTHA WINKLER, and for cause of action against

22 | the Defendants, and each of them, alleges as follows:

23 |                     GENERAL ALLEGATIONS

24 |       1.      Plaintiff, MARTHA WINKLER, is, and at all times herein mentioned

25 | was, a resident and citizen of the County of Los Angeles, State of California.

26 |       2.      At all times relevant, Defendant, AETNA LIFE INSURANCE

27 | COMPANY, is, and was a corporation, authorized to conduct business in the State of

28 | California, with a principle place of business located at 151 Farmington Avenue, in

1    the City of Hartford, County of Hartford, in the Sate of Connecticut, with a postal zip
2    code of 06156; and whose true corporate structure and organization is unknown to
3    Plaintiff.  At all times relevant herein, Defendant, AETNA LIFE INSURANCE
4    COMPANY, is, and was, authorized to transact, review, manage and determine
5    employees applications for long term disability benefits, with, and on behalf of
6    Plaintiff's employer, the National American Red Cross, and to review, manage, deny,
7    accept, or administrate long term disability benefits claims under THE NATIONAL
8    AMERICAN RED CROSS LONG TERM DISABILITY PLAN.
9         3.     Upon information and belief, Plaintiff alleges that the National American
10   Red Cross, is, and was, at all times relevant herein, the Plan Administrator, and was
11   the entity which selected the  THE NATIONAL AMERICAN RED CROSS LONG
12   TERM DISABILITY PLAN.
13        4.     At all times herein mentioned, Defendant, THE NATIONAL
14   AMERICAN RED CROSS LONG TERM DISABILITY PLAN, was, and is, a group
15   benefits welfare plan, organized and existing under the provisions of the Employee
16   Retirement Income Security Act, and sponsored by the National American Red Cross,
17   and managed and administrated through Defendant, AETNA LIFE INSURANCE
18   COMPANY.
19        5.     All allegations in this Complaint are based on information and belief
20   and/or are likely to have evidentiary support after a reasonable opportunity for further
21   investigations or discovery.
22        6.     Plaintiff is ignorant of the true names and capacities, whether individual,
23   corporate, associate or otherwise of Defendants named herein as DOES 1 - 10,
24   inclusive, are unknown to Plaintiff who, therefore, sues such Defendants by such
25   fictitious names.   Plaintiff is informed and believes, and based upon such
26   information and belief alleges, that each of the Defendants designated as a DOE was
27   in some manner responsible, participated in or contributed to the matters and things in
28   which Plaintiff complains herein and in some fashion has legal responsibility

1  therefore.   Plaintiff will amend this Complaint to show the true names and capacities

2  of each DOE when they have fully ascertained said information pursuant to Federal

3  Rules of Civil Procedure.

4       7.      To the extent contrary to the allegations contained in this Complaint, and

5  as an alternative theory, Plaintiff is informed, believes and thereon alleges, that all

6  times mentioned in this Complaint, Defendants, and each of them, were the agents,

7  servants, employees, employers and/or joint venturers of their co-defendants; and

8  were as such acting within the purpose, course and scope and authority of said

9  agency, employment and/or joint venture; and actively participated in, or with full

10 knowledge of all of the facts and circumstances, including but not limited to, full

11 knowledge of each and all of the violations of the rights of the Plaintiff .

12      8.      Plaintiff was employed by the National American Red Cross as a donor

13 services supervisor.   On January 14, 2004, Plaintiff suffered a acute cardiac arrest

14 and myocardial infarction which resulted in anoxia, transient cerebral ischemia,

15 cognitive impairment and which resulted in the need for an implanted cardiac

16 defibrillator illness which prevented her from performing the material and substantial

17 duties of her occupation.   Plaintiff left her employment on January 14, 2004.

18      9.      Plaintiff filed a claim for long term disability benefits with Defendants,

19 THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN,

20 and AETNA LIFE INSURANCE COMPANY, and each of them.

21      10.     The claim was evaluated by Defendant, AETNA LIFE INSURANCE

22 COMPANY, on behalf of all Defendants, and benefits were paid to Plaintiff.

23 Thereafter, Defendant, AETNA LIFE INSURANCE COMPANY, notified the

24 Plaintiff that benefits were being ceased.   Defendant, AETNA LIFE INSURANCE

25 COMPANY, notified the Plaintiff that she had the right to appeal the determination.

26 Plaintiff appealed the determination.   Defendant, AETNA LIFE INSURANCE

27 COMPANY, conducted a cursory review of the information and notified the Plaintiff

28 that benefits were being ceased.

11.   Despite a request from Plaintiff for further review and for all file documents, Defendant, AETNA LIFE INSURANCE COMPANY, failed to provide appropriate copies of all documents contained in the Plaintiff's claims file and failed to respond to Plaintiff.

12.   Despite a request for a final determination on the claim utilizing the information, medical records and medical documentation provided to Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, Defendants have failed to provide a full and fair evaluation of the information and claim.

13.   Plaintiff is fully vested in THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and is eligible for all rights and benefits conferred under the plan.

## FIRST CAUSE OF ACTION

### (Breach of Contract as Against All Defendants)

14.   Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as those set forth in full in this cause of action.

15.   Plaintiff was an employee of the National American Red Cross and was a vested plan member of THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

16.   Plaintiff has performed each and every obligation, condition, and covenant required of her under the long term disability benefits contract and which was required by Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, during her employment with the National American Red Cross, Plaintiff relied upon, and accepted in good faith all the assurances, promises and representations of Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, that as an employee of the National American Red Cross she would be

1  entitled to long term disability benefits under THE NATIONAL AMERICAN RED
2  CROSS LONG TERM DISABILITY PLAN.  Defendants, THE NATIONAL
3  AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE
4  INSURANCE COMPANY, and each of them, have breached their obligations under
5  THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN by
6  unreasonably refusing to properly evaluate Plaintiff's claim for long term disability
7  benefits or pay Plaintiff her long term disability benefits due under THE NATIONAL
8  AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

9       17.    Plaintiff has demanded that Defendant, AETNA LIFE INSURANCE
10  COMPANY, provide all file documents, notices and appeals, as is her right under
11  THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.
12  However, Defendants, AETNA LIFE INSURANCE COMPANY and THE
13  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN, and
14  each of them, have failed to provide the relevant documents.  As a participant in THE
15  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN,
16  Plaintiff relied upon, and accepted in good faith all the assurances, promises and
17  representations, of Defendant, AETNA LIFE INSURANCE COMPANY, with
18  respect to claims handling and administration under THE NATIONAL AMERICAN
19  RED CROSS LONG TERM DISABILITY PLAN.  Defendants, and each of them,
20  have breached their obligations under the and THE NATIONAL AMERICAN RED
21  CROSS LONG TERM DISABILITY PLAN, to properly administrate and manage the
22  Plaintiff's claim, deliver notices and provide information.

23       18.    Defendants, and each of them, have treated Plaintiff in an arbitrary,
24  capricious, unfair and dishonest manner.  As a direct and proximate result of
25  Defendants actions, Plaintiff has incurred substantial damages.

26       19.    As a direct and proximate result of the actions of Defendants, and each
27  of them, Plaintiff has suffered, to date, general damages and incidental damages for
28  breach of contract.

20. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has incurred, and continues to incur economic losses.

21. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has incurred attorney's fees and costs as a result of efforts to secure the long term disability benefits due to her under her retirement plan, in an amount subject to proof. Plaintiff will seek leave of Court to amend this Complaint to insert the exact amount of the damages when they have been ascertained.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION

(Tortious Breach of the Implied Covenant of

Good Faith and Fair Dealing)

22. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as those set forth in full in this cause of action.

23. Plaintiff was a member of the class of employees who were provided long term disability benefits under the employment benefits package offered to all employees. Plaintiff accepted the long term disability benefits coverage and was a plan member of the and THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN. Plaintiff and Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, entered into a contractual agreement for the provision of long term disability benefits, with the understanding and expectation, which was clearly understood by Plaintiff and Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, that Defendant, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN, by and through, Defendants AETNA LIFE INSURANCE COMPANY, would act in good faith and deal fairly pursuant to the provisions of the long term disability benefits plan.

24. Defendants, THE NATIONAL AMERICAN RED CROSS LONG

TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, has tortiously breached their implied covenant of good faith and fair dealing arising from the long term disability benefits plan by unreasonably withholding benefits due under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

25.     Despite Plaintiff's demand for payment of long term disability benefits under the plan, Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, continue to refuse to pay long term disability benefits and continue to engage in unlawful insurance practices including, but not limited to, misrepresenting the terms of Plaintiff's rights under the long term disability benefits plan.  Such bad faith conduct constitutes a continuing tort which is causing Plaintiff continued damages.

26.     In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, have failed and refused to pay Plaintiff under the long term disability benefits plan.

27.     Defendants,  THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, have engaged and continues to engage in a course of conduct to further their own economic interests and in violation of their obligations to Plaintiff.  This conduct includes, but is not limited to:

    a.     unreasonable and unjustifiable failure to timely and fully pay Plaintiff under the terms of the long term disability benefits plan;

    b.     deliberately, unjustifiably and unreasonably refusing payments to Plaintiff in bad faith, knowing that Plaintiffs claim for benefits under the long term disability benefits plan was valid, in an attempt to coerce Plaintiff cease her claim for long term disability benefits;

c.   failing to thoroughly investigates Plaintiff's claim;

d.   failing to objectively evaluate Plaintiff's claim;

e.   interpreting the provisions of the long term disability benefits plan in an unduly restrictive manner;

f.   failing to adopt reasonable standards for prompt investigation and evaluation of Plaintiff's claim for long term disability benefits;

g.   compelling Plaintiff to initiate litigation to obtain long term disability benefits due under the long term disability benefits plan; and,

h.   Plaintiff is informed, believes and thereon alleges, that Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff by other acts or omission of which Plaintiff is presently unaware and which will be shown according to proof at time of trial.

28.   Defendants', THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, conduct described herein constitutes part of Defendants, and each of them, overall scheme to reduce the costs of legitimate claims for long term disability benefits.  Defendants', THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, conduct as described herein, constitutes an illegal pattern and practice so pervasive as to amount o a general unfair and unlawful business practice.

29.   Defendants', THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, conduct described herein was intended by Defendants, and each of them, to cause injury to Plaintiff, and was done with a conscious disregard of Plaintiff's rights, and constitutes despicable conduct, and was done with the intent to vex, inure or annoy Plaintiff such as to constitute oppression, fraud or malice under California

1  Civil Code Section 3294, entitling Plaintiff to punitive damages in an amount
2  appropriate to punish or set an example of each Defendant.
3      30.     Defendants', THE NATIONAL AMERICAN RED CROSS LONG
4  TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each
5  of them, conduct was highly reprehensible because (1) it caused Plaintiff not only
6  substantial economic loss, but also personal physical injury and physical sickness; (2)
7  it demonstrated Defendants', and each of them, indifference and reckless disregard as
8  to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than
9  just an isolated incident; (4) it caused harm to Plaintiff not by accident by rather by
10 Defendants', and each of them, intentional malice, trickery and deceit; and (5)
11 Plaintiff was financially vulnerable to Defendant's conduct.
12     31.     The conduct of Defendants, THE NATIONAL AMERICAN RED
13 CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE
14 COMPANY, and each of them, described herein was undertaken by Defendants'
15 officers or managing agents, representative, employees, deputies, agents, as identified
16 herein as DOES 1 through 10, inclusive, who were responsible for supervision and
17 operation, reports, communications, and/or decisions.   The afore-mentioned conduct
18 of said individuals was therefore undertaken on behalf of Defendants, and each of
19 them. Defendants, THE NATIONAL AMERICAN RED CROSS LONG
20 TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each
21 of them, further had advance knowledge of the action and conduct of said individuals
22 whose actions and conduct were ratified, authorized, and approved by managing
23 agents whose precise identities are unknown to Plaintiff at this time and are therefore
24 identified and designated herein as DOES 1 through 10, inclusive.
25     32.     As a proximate result of the aforementioned wrongful conduct of
26 Defendants,  THE NATIONAL AMERICAN RED CROSS LONG
27 TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each
28 of them, Plaintiff has suffered and will continue to suffer in the future damages under

1  the long term disability benefits plan, in an amount subject to proof at time of trial.

2      33.    As a direct and proximate result of the actions of Defendants, THE

3  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and

4  AETNA LIFE INSURANCE COMPANY, and each of them, Plaintiff has incurred

5  substantial damages, including but not limited to, physical injury and emotional

6  distress.

7      34.    As a further direct and proximate result of the aforementioned

8  unreasonable conduct of Defendants, and each of them, Plaintiff has suffered anxiety,

9  worry, mental and emotional distress, all to the Plaintiff general damage in a sum to

10  be determined at the time of trial.

11      35.    As a further direct and proximate result of the actions of Defendants,

12  THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN

13  and AETNA LIFE INSURANCE COMPANY, and each of them, Plaintiff was

14  compelled to retain legal counsel to obtain the long term disability benefits due under

15  the policy. Therefore, Defendants are liable to Plaintiff for those attorney's fees,

16  witness fees and costs of litigation reasonably necessary, which Plaintiff has been

17  obligated to expend and incurred by Plaintiff in order to the policy benefits, including

18  but not limited to liability for cost of suit, attorney's fees and related expenses in an

19  amount not yet fully ascertained, but which will be submitted at time of trial.

20      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

21      <u>THIRD CAUSE OF ACTION</u>

22      (Breach of Implied-In-Fact Contract against all Defendants)

23      36.    Plaintiff refers to each and every paragraph of the General Allegations

24  and incorporates those paragraphs as those set forth in full in this cause of action.

25      37.    Plaintiff was a long term disability benefits plan member of THE

26  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN as an

27  employee of The National American Red Cross. Defendants, THE NATIONAL

28  AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE

INSURANCE COMPANY, and each of them, orally promised to Plaintiff that as a long term disability benefits plan member that she would be entitled to received benefits under the long term disability benefits plan.

38.    Plaintiff has performed each and every obligation, condition and covenant required of her under the long term disability benefits plan.  During her employment with The National American Red Cross, Plaintiff relied upon, and acceptance in good faith of all the oral representations, promises and representations, of Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them.

39.    Plaintiff has demanded Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, pay Plaintiff her long term disability benefits due under the plan.

40.    Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, have breached their obligations under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and/or The National American Red Cross by unreasonably refusing to pay to Plaintiff her long term disability benefits due to her based upon the oral representations made to Plaintiff, and under the terms of the plan, and by continuing to withhold her ongoing long term disability benefits now due and payable under the terms of THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

41.    Defendants, and each of them, have treated Plaintiff in an arbitrary, capricious, unfair and dishonest manner.   As a direct and proximate result of Defendants actions, Plaintiff has incurred substantial damages.

42.    As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has suffered, to date, general damages and incidental damages for

1  breach of contract.

2      43.   As a direct and proximate result of the actions of Defendants, and each

3  of them, Plaintiff has incurred, and continues to incur economic losses.

4      44.   As a direct and proximate result of the actions of Defendants, and each

5  of them, Plaintiff has incurred attorney's fees and costs as a result of efforts to secure

6  the benefits due her under her retirement plan, in an amount subject to proof.

7  Plaintiff will seek leave of Court to amend this Complaint to insert the exact amount

8  of the damages when they have been ascertained.

9      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

10  <u>FOURTH CAUSE OF ACTION</u>

11  (Fraud as against all Defendants)

12      45.   Plaintiff refers to each and every paragraph of the General Allegations

13  and incorporates those paragraphs as those set forth in full in this cause of action.

14      46.   By the above-described acts incorporated herein, Defendants, THE

15  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and

16  AETNA LIFE INSURANCE COMPANY, and each of them, both individually, and

17  through their officers, partners, agents, and/or employees who were acting within the

18  course and scope of their employment, falsely and fraudulently, and with intent to

19  deceive and defraud Plaintiff, by and through misrepresentations to Plaintiff, through

20  direct representations to Plaintiff which were based upon incomplete information,

21  through the failure to provide full disclosure, through the failure to provide all file

22  documents, through the intentional failure to provide accurate information to Plaintiff

23  and through the representation to Plaintiff that she had secure long term disability

24  benefits under THE NATIONAL AMERICAN RED CROSS LONG TERM

25  DISABILITY PLAN, Defendants, THE NATIONAL AMERICAN RED CROSS

26  LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY,

27  and each of them, would fairly administrate Plaintiff's file, provide full disclosure

28  and pay to Plaintiff her long term disability benefits upon her claim for such long

1  term disability benefits.

2      47.    Said representations were false and Defendants, THE NATIONAL

3  AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE

4  INSURANCE COMPANY, and each of them, knew them to be false and intended not

5  to be bound by such representations.  In truth and in fact, Defendants, THE

6  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and

7  AETNA LIFE INSURANCE COMPANY, and each of them, had no intention of

8  fairly administrate the Plaintiff's file, provide full disclosure and pay to Plaintiff her

9  long term disability benefits upon her claim for such long term disability benefits.

10     48.    Plaintiff was unaware of Defendants' intention not to be bound by said

11 representations and justifiably believed and relied upon them.

12     49.    Plaintiff did not discover the fraud and deceit practiced upon her as

13 aforesaid until after November 22, 2005, which is when Plaintiff's last request for file

14 documents, information, appeal status or information and after which Plaintiff

15 received no response from Defendants,  THE NATIONAL AMERICAN RED

16 CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE

17 COMPANY, and each of them.

18     50.    Upon information and belief, Plaintiff alleges that Defendants, THE

19 NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and

20 AETNA LIFE INSURANCE COMPANY, and each of them, did intentionally

21 commit fraud by not producing the full contents of pertinent file documents to

22 Plaintiff or producing event note information so that Plaintiff could supply relevant

23 medical information to Defendants, THE NATIONAL AMERICAN RED CROSS

24 LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY,

25 and each of them, in support of her claim for long term disability benefits.

26 Defendants', THE NATIONAL AMERICAN RED CROSS LONG TERM

27 DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of

28 them, action is based upon the intent on not paying any long term disability benefits.

1  Plaintiff could not with reasonable diligence have discovered said fraud and deceit
2  prior to November 22, 2005.

3      51.    As a direct and proximate result of Defendants', THE NATIONAL
4  AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE
5  INSURANCE COMPANY, and each of them, and each of their actions, Plaintiff has
6  incurred substantial damages.

7      52.    As a direct and proximate result of the actions of Defendants, THE
8  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and
9  AETNA LIFE INSURANCE COMPANY, and each of them, Plaintiff has suffered,
10 to date, general damages and incurred pain and suffering and incidental damages for
11 breach of contract.

12     53.    As a direct and proximate result of the actions of Defendants, THE
13 NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and
14 AETNA LIFE INSURANCE COMPANY, and each of them, Plaintiff has incurred,
15 and continues to incur economic losses.

16     54.    As a direct and proximate result of the actions of Defendants, THE
17 NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and
18 AETNA LIFE INSURANCE COMPANY, and each of them, Plaintiff has incurred
19 attorney's fees and costs as a result of efforts to secure the benefits due her under her
20 retirement plan, in an amount subject to proof.   Plaintiff will seek leave of Court to
21 amend this Complaint to insert the exact amount of the damages when they have been
22 ascertained.

23     55.    Defendants, THE NATIONAL AMERICAN RED CROSS LONG
24 TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each
25 of them, committed the acts herein maliciously, fraudulently, oppressively, and
26 despicably, with the wrongful intention of injuring Plaintiff, from an improper and
27 evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.
28 Plaintiff thus is entitled to recover punitive damages from Defendants, and each of

them, in an amount according to proof at time of trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(Declaratory Relief as against all Defendants)

56.     Plaintiff re-alleges Paragraphs 1-53 of this Complaint as though fully set forth herein in this cause of action.

57.     At all times herein mentioned, Plaintiff was a vested participant in THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and as such was eligible to receive long term disability benefits under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

58.     Plaintiff made a proper claim for a long term disability benefits under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN. Plaintiff has provided to Defendants, and each of them, all required information. Plaintiff has performed all terms and conditions required on her part to be performed.

59.     Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, denied Plaintiff's claim for long term disability benefits under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

60.     An actual controversy has arisen between the parties as to whether Plaintiff is entitled to receive continuing long term disability benefits under the long term disability benefits plan.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION

(Failure to Pay Benefits Pursuant to 29 USC § 1132 (a) (1) (B)

as against all Defendants)

61.     Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as those set forth in full in this cause of action.

62.     This Cause of Action is brought pursuant to 29 U.S.C. § 1132 (a) (1) (B),

as amended, to recover long term disability insurance benefits due to Plaintiff, and to enforce Plaintiff's rights under the terms of the long term disability benefits policy in which Plaintiff was a participant.

63.     Plaintiff alleges, upon information and belief, that as an employee of the National American Red Cross, she was offered the opportunity to participate in THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

64.     Defendant, AETNA LIFE INSURANCE COMPANY, administrates and manages all claims provisions and benefits due under the policy on behalf of Defendants, and each of them, with the knowledge and consent of Defendants, and each of them.  The policy was provided to Plaintiff as part of her employee benefits package.   The long term disability benefits policy offered to Plaintiff through her employment is, and was, an employee welfare benefits plan as defined in 29 U.S.C. § 1002 (1) (A).

65.     Plaintiff was a participant in the long term disability benefits policy as offered to her through her employment, and provided by Defendants, as defined in 29 U.S.C. § 1002 (2)(B)(7).

66.     Plaintiff was employed by hired by the National American Red Cross, as a donor services supervisor, and was presumed to be fit for duty.   On or about January 14, 2004, Plaintiff became unable to perform the material duties of her occupation.   Plaintiff filed a claim for benefits coverage under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN.

67.     On or about January 31, 2005, Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, notified the Plaintiff that she was eligible for benefits and commenced processing of payment of benefits.

68.     On or about April 1, 2005,  Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, issued a written notice of denial of

1  claim to Plaintiff.

2      69.    On or about May 10, 2005, Plaintiff provided an attending physician's

3  statement of disability to  Defendants, THE NATIONAL AMERICAN RED CROSS

4  LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE

5  COMPANY, and each of them.

6      70.    Thereafter, Plaintiff's claim was summarily denied by  Defendants,

7  The NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT

8  PLAN and AETNA LIFE INSURANCE COMPANY, and each of them.

9      71.    Plaintiff appealed the determination by Defendants, The NATIONAL

10  AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and

11  AETNA LIFE INSURANCE COMPANY, and each of them, and supplied

12  supplemental medical information to Defendants on October 26, 2005, including

13  medical records, doctor's statements and testing reports.

14      72.    Defendants, THE NATIONAL AMERICAN RED CROSS LONG

15  TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE

16  COMPANY, and each of them, notified Plaintiff that a determination would be

17  reached utilizing the new information.

18      73.    On or about November 22, 2005,  Defendants, THE NATIONAL

19  AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and

20  AETNA LIFE INSURANCE COMPANY, and each of them, provided written notice

21  to Plaintiff denying the claim for long term disability coverage.  Defendants, the

22  NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT

23  PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, failed to

24  consider the supplemental information and rendered a decision which was arbitrary,

25  capricious and unjust in the face of the information provided by Plaintiff.

26      74.    Plaintiff has otherwise performed all the terms and conditions of the

27  policy on her part to be performed, including completing and executing Defendant's

28  forms, submission of medical records, execution of authorizations for release of

1    medical records, and did provide to Defendants, THE NATIONAL AMERICAN

2    RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE

3    INSURANCE COMPANY, and each of them, the requested medical records and

4    medical information from his treating physicians along with all required supplemental

5    information regarding his medical condition.

6           75.    Plaintiff now brings this action to recover the benefits due Plaintiff under

7    Defendant's, THE NATIONAL AMERICAN RED CROSS LONG TERM

8    DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and

9    each of them, long term disability insurance policy.

10          76.    The medical evidence submitted to Defendants, THE NATIONAL

11   AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and

12   AETNA LIFE INSURANCE COMPANY, and each of them, by Plaintiff

13   demonstrated  that Plaintiff was unable to perform one or more duties of her

14   occupation due to her physical injuries, mental injuries and illnesses and pain; was

15   undergoing a treatment plan prescribed by her treating doctors; and, was disabled

16   within the meaning of the long term disability policy.  As Plaintiff was not able to

17   perform one or more duties of her occupation, she was disabled under the provisions

18   of the long term disability benefits plan, referred to as THE NATIONAL

19   AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN, Group

20   Control Plan 654028, issued by Defendants, AETNA LIFE INSURANCE

21   COMPANY.

22          77.    Although Plaintiff was disabled and had established her disability and

23   entitlement to long term disability benefits through the disability plan issued by

24   Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM

25   DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and

26   each of them, Defendants through their actions and decisions has denied Plaintiff the

27   long term disability benefits for which she was eligible.

28          78.    The determinations, findings, actions and decisions of Defendants, THE

NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, on all levels herein, were not based upon the substantial medical evidence obtained, submitted and contained in the claims file and were rendered contrary to the terms of the disability policy issued by Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, and were contrary to the information and facts presented, and said determinations, findings, actions and decisions of Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and each of them, were substantially unjustified.   Defendant's determinations, findings, actions and decisions have been capricious and arbitrary and an abuse of the claimed discretion of Defendants, THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, and each of them.

79.   Defendants, and each of them, have never notified the Plaintiff of her right to bring suit under Section 502 (a) of the Employee Retirement Income Security Act of 1974 as there has never been full exhaustion of her appeal rights.   Plaintiff has never been apprised of her appeal rights nor was her was allowed the full opportunity to determine her appeal rights.

80.   Plaintiff submitted new and material evidence and appealed the determination of Defendants, and each of them, in denying long term disability benefits due to Plaintiff.   Plaintiff requested documents, file copies and appeal status.

81.   Plaintiff has otherwise performed all the terms and conditions indicated by Defendant, either in correspondence, or listed in their forms, in order to appeal and provide sufficient objective medical evidence that Plaintiff has a condition which satisfies the definition of the policy.   Plaintiff has performed her part, including completing and executing Defendant's forms, submission of medical records,

1   execution of authorizations for release of medical records, and providing to

2   Defendants, and each of them, the requested information and records, along with all

3   required supplemental information required.

4        82.    Defendant's actions were arbitrary, capricious, unjustified, and violative

5   of Plaintiff's due process rights.

6        83.    The determinations, findings, actions and decisions of Defendants, and

7   each of them, on all levels herein, were not based upon the substantial evidence, the

8   information submitted into nor contained in the claims file, upon information

9   submitted by Plaintiff, nor upon a valid opportunity by Plaintiff to participate in the

10  claims appeals process as indicated by AETNA LIFE INSURANCE COMPANY nor

11  the information contained in THE NATIONAL AMERICAN RED CROSS LONG

12  TERM DISABILITY BENEFIT PLAN.  Said determinations, findings, actions and

13  decisions of Defendants, and each of them, were substantially unjustified.

14  Defendant's determinations, findings, actions and decisions have been capricious and

15  arbitrary and an abuse of the claimed discretion provided in THE NATIONAL

16  AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN.

17       WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of

18  them, as follows:

19       AS TO THE FIRST CAUSE OF ACTION AS AGAINST DEFENDANTS,

20  AND EACH OF THEM, and DOES 1-10, Inclusive, FOR BREACH OF

21  CONTRACT:

22       1.    Damages under the Policy in an amount to be determined according

23             proof at time of trial, including interest and pre-judgment interest, in a

24             sum to be determined;

25       AS TO THE SECOND CAUSE OF ACTION AS AGAINST DEFENDANTS,

26  AND EACH OF THEM, and DOES 1-10, Inclusive, TORTIOUS BREACH OF THE

27  IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING:

28       1.    Punitive and exemplary damages in an amount appropriate to punish or

set an example of as against all Defendants, and each of them;

2.  Damages under the Policy in an amount to be determined according proof at time of trial, including interest and pre-judgment interest, in a sum to be determined at time of trial; and,

3.  Damages for emotional distress and other incidental damages in a sum to be determined at time of trial;

AS TO THE THIRD CAUSE OF ACTION AS AGAINST DEFENDANTS, AND EACH OF THEM, and DOES 1-10, Inclusive, BREACH OF IMPLIED IN FACT CONTRACT:

1.  Damages under the Policy in an amount to be determined according proof at time of trial, including interest and pre-judgment interest, in a sum to be determined at time of trial;

AS TO THE FOURTH CAUSE OF ACTION AS AGAINST DEFENDANTS, AND EACH OF THEM, and DOES 1-10, Inclusive, FRAUD:

1.  Damages in an amount to be determined according proof at time of trial, including interest and pre-judgment interest, in a sum to be determined at time of trial; and,

2.  Punitive and exemplary damages in an amount appropriate to punish or set an example of as against all Defendants, and each of them;

AS TO THE FIFTH CAUSE OF ACTION AS AGAINST DEFENDANTS, AND EACH OF THEM, and DOES 1-10, Inclusive, DECLARATORY RELIEF:

1.  For a declaration of Plaintiff 'S rights under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN; and,

2.  The final decision of Defendants be reviewed and that on such review, the decision of Defendants be reversed and this Court adjudge that Plaintiff be entitled to receive long term disability benefits under THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY

BENEFIT PLAN;

AS TO THE SIXTH CAUSE OF ACTION AS AGAINST DEFENDANTS, AND EACH OF THEM, and DOES 1-10, Inclusive, FAILURE TO PAY BENEFITS:

1. The final decision of Defendant be reviewed, and that on such review, the decision of Defendant be reversed and this Court adjudge that Plaintiff be entitled to the long term disability benefits provided through THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY BENEFIT PLAN; and,

2. Judgment be entered as against the Defendant, and damages against Defendant, in an amount equal to the long term disability benefits due Plaintiff, pursuant to the terms of the policy;

AS TO ALL CAUSES OF ACTION AS AGAINST ALL DEFENDANTS', AND EACH OF THEM, and DOES 1-10, Inclusive, AS FOLLOWS:

1. To award Plaintiff her attorneys fees and costs of suit incurred herein;

2. For such other and further relief as this Court deems just and proper; and,

3. Judgment be entered as against Defendants, and each of them, for general damages in an amount to be determined by this Court.

DATED: December 11, 2008

PATRICIA L. McCABE
Attorney for Plaintiff, Martha Winkler

PATRICIA L. McCABE [SBN: 156634]
LAW OFFICES OF PATRICIA L. McCABE
7100 Hayvenhurst Avenue, Suite 314
Van Nuys, CA 91406
Tel: (818) 907-9726; Fax: (818) 907-6384
email: plmccabe@aol.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA WINKLER<br><br>PLAINTIFF(S)<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY; THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and DOES 1-10, Inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-8269 ⬜⬜ (⬜⬜⬜)<br><br><br>**SUMMONS** |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
PATRICIA L. McCABE _____, whose address is:

7100 Hayvenhurst Avenue, Suite 314
Van Nuys, CA 91406
Tel: (818) 907-9726; Fax: (818) 907-6384
email: plmccabe@aol.com

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within ____ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated:   DEC 1 6 2008

By: _____   **LA'REE HORN**
Deputy Clerk

(Seal of the Court)

1192

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARTHA WINKLER

**DEFENDANTS**
AETNA LIFE INSURANCE COMPANY; THE NATIONAL AMERICAN RED CROSS LONG TERM DISABILITY PLAN and DOES 1-10, Inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
LOS ANGELES

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
PATRICIA L. McCABE (SBN: 156634)
7100 Hayvenhurst Avenue, Suite 314
Van Nuys, CA  91406 - (818) 907-9726; (fax) (818) 907-6384
email: plmccabe@aol.com.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 1132 FAILURE TO PAY LONG TERM DISABILITY BENEFITS/BREACH OF CONTRACT/FRAUD/DECLARATORY RELIEF

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number:

CV-71 (07/05)    **CIVIL COVER SHEET**    Page 1 of 2

CV08-8269

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   LOS ANGELES

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   CONNECTICUT

List the **California County**, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   LOS ANGELES

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_  Date 12-12-08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |