O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8269 AHM (CWx) | Date | September 10, 2009 |
|---|---|---|---|

| Title | MARTHA WINKLER v. AETNA LIFE INSURANCE COMPANY, et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| S. Eagle | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Plaintiff Martha Winkler seeks long term disability benefits from Defendants, The National American Red Cross Long Term Disability Plan, and Aetna Life Insurance Company. Defendants lodged the Administrative Record, and this matter is now before the Court on Plaintiff's request that the Court "allow for evidence beyond the Administrative Record, including medical evidence which was in existence at the time Defendant, Aetna, denied the claim." Pl.'s Corr. Brief at 15. Plaintiff asserts that consideration of such evidence is necessary to determine whether a conflict of interest affects the appropriate level of judicial scrutiny of Aetna's decision, but Plaintiff has failed to identify a conflict of interest that would warrant the admission of extrinsic evidence.[1] The Court therefore DENIES her request.

## I. BACKGROUND

Plaintiff was employed by The American National Red Cross when she suffered a cardiac arrest in January 2004. At the time, she was a participant in the National

---

[1] Plaintiff might also have intended to seek leave to engage in discovery on matters outside the record, as her attorney suggested at the June 22, 2009 scheduling conference on this case. But Plaintiff's brief does not request further discovery, let alone specify discovery requests that she might have propounded. It is not clear whether this omission was mistaken or intentional, because, as discussed below, Plaintiff's brief is not a model of clarity. Plaintiff's "Corrected" brief also has glaring technical defects. Most obviously, it has three sections entitled "VIII. Conflict of Interest is Evident," the first two of which end mid-sentence. *See* Pl.'s Corr. Brief at 12-13.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8269 AHM (CWx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | MARTHA WINKLER v. AETNA LIFE INSURANCE COMPANY, et al. | | |

American Red Cross Long Term Disability Plan ("the Plan") and applied for long term disability benefits in August 2004. The Plan disbursed benefits for a time, but in November 2005, after an appeal of an initial denial, Aetna concluded that Plaintiff was no longer eligible.

     Pursuant to an agreement executed in 1989, the Red Cross delegated to Aetna "authority to make determinations on behalf of the [Red Cross] with respect to benefit payments under the Plan and to pay such benefits, subject, however to a right of the Contractholder to review and modify any such determination." Administrative Record ("AR") 008. Aetna's benefit payments are reimbursed from a bank account controlled by the Red Cross. AR 004-005. It is unlikely that the right of review included in the 1989 agreement remained in effect as to this case, because in October 2002 Red Cross's "Corporate Benefits Manager" sent a letter to Aetna stating that Aetna and its subsidiaries and affiliates are

> hereby designated as the Named Fiduciaries under the [Plan] with complete authority to review all denied claims for benefits under the Plan's Agreement No. 654028 . . . . In exercising such fiduciary responsibility, Aetna . . . shall have discretionary authority to determine whether and to what extent participants and beneficiaries are entitled to benefits, and to construe disputed or doubtful Plan terms. Aetna . . . shall be deemed to have properly exercised such authority unless they have abused their discretion hereunder by acting arbitrarily and capriciously.

AR 046.[2]

## II.   CONFLICT OF INTEREST

    **A.**    **Legal Standards**

---

[2] The 2002 letter refers to the "American National Red Cross Life and Health Benefit Plan," and the defendant in this case is "The National American Red Cross Long Term Disability Plan." The 2002 letter, however, does refer to the 1998 agreement by its "Contract Number," 654028. Plaintiff does not dispute that the 2002 letter and the 1998 agreement govern the plan at issue here.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8269 AHM (CWx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | MARTHA WINKLER v. AETNA LIFE INSURANCE COMPANY, et al. | | |

The parties agree that abuse of discretion is the proper standard of review the Court must apply in reviewing Defendant's denial of long term disability benefits, but disagree as to whether that standard should be applied as if the plan administrator was operating under a conflict of interest.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the Supreme Court suggested that a conflict of interest exists when a plan administrator (which acts as a fiduciary toward the plan participants, who are beneficiaries) is also the sole source of funding for an unfunded plan. Based on *Firestone*, the Ninth Circuit held that where the administrator both evaluates claims for benefits and funds those benefits, there is a "structural" conflict of interest because the administrator has the duty to provide benefits to those who deserve them, as well as an incentive to pay as little as possible in order to retain the money for itself. *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 966 (9th Cir. 2006).

The Ninth Circuit concluded that when there is a conflict of interest district courts must apply abuse of discretion review whenever the plan grants discretion to the plan administrator, but it is "a review informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record. This standard applies to the kind of inherent conflict that exists when a plan administrator both administers the plan and funds it, *as well as to other forms of conflict*." *Id.* at 967 (emphasis added). In deciding how heavily to weigh a conflict of interest, the court may consider, among other things, whether "the administrator provides inconsistent reasons for denial . . .; fails adequately to investigate a claim or ask the plaintiff for necessary evidence . . .; fails to credit a claimant's reliable evidence . . . ; or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record." *Id.* at 968-69 (citations omitted).

Following *Abatie*, in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008) ("*Glenn*"), the Supreme Court affirmed that conflict of interest is one of many case-specific factors that courts consider in reviewing the lawfulness of benefit denials and may weigh more or less heavily depending on the circumstances surrounding the conflict. *Id.* at 2350.

To determine the extent and weight of any conflict of interest, the court may

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8269 AHM (CWx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | MARTHA WINKLER v. AETNA LIFE INSURANCE COMPANY, et al. | | |

consider facts outside of the administrative record, but any decision on the merits must be based only on the record. *See id.* at 970; *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1015, 1028 (9th Cir. 2008) (same).

Although *Firestone, Abatie* and *Glenn* all concerned cases where the conflict of interest was "structural" — *i.e.*, it arose from the fact that the entity that determined eligibility also funded the plan — the Ninth Circuit stated in *Abatie* that the *Firestone* standard also applies "to other forms of conflict," but did not elaborate further. *Abatie*, 458 F.3d at 967; *see also id.* at 965 n.5 ("The [*Firestone*] Court did not catalogue the full range of types of conflicts of interest . . . .").

**B.    Analysis**

The Court denies Plaintiff's request that it consider evidence outside of the administrative record, because Plaintiff has identified no predicate conflict of interest. Unlike the plaintiffs in *Firestone, Abatie, Glenn*, and all of the other cases that Plaintiff relies upon, Plaintiff has not alleged or established that the same entity administers and funds the plan. *See, e.g., Lang v. Long-Term Disability Plan Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794, 797 (9th Cir. 1997) ("Given Standard's dual role as both the funding source and the administrator of the Plan, we are faced with an inherent conflict of interest situation, and must take this factor into account."); *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 n.6 (9th Cir. 1997) (citing *Brown v. Blue Cross and Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1561 (11th Cir. 1990.), which described a conflict of interest when "an insurance company pays out to beneficiaries from its own assets rather than the assets of a trust . . . ."). In fact, Plaintiff did not even address the issue of who funds the Plan. Nor has Plaintiff pointed to any other conflict of interest that would warrant a different application of the abuse of discretion standard.

Rather than identify a predicate conflict of interest, Plaintiff skipped to the step of asserting facts that could lead a court to weigh a conflict of interest more heavily when reviewing for abuse of discretion. For example, Plaintiff argues that Aetna did not clearly and concisely ask her to obtain records from her treating physicians, intentionally misrepresented the terms of the Plan, and did not credit medical evidence that she submitted. *See Abatie*, 458 F.3d at 968-69 (listing factors that permit a court to weigh a conflict of interest more heavily).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8269 AHM (CWx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | MARTHA WINKLER v. AETNA LIFE INSURANCE COMPANY, et al. | | |

The Court therefore DENIES Plaintiff's request to consider material outside of the Administrative Record due to a conflict of interest.

## III.    PROCEDURAL IRREGULARITIES

In addition to clarifying the law on conflicts of interest, the *Abatie* court concluded that a district court may consider evidence not in the administrative record when a plan administrator fails to adhere to the procedural requirements of ERISA and the governing plan. Even when there are just "ordinary" procedural violations that are not egregious or flagrant, and abuse of discretion review therefore still applies, "the court may take additional evidence when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct." *Abatie*, 458 F.3d at 973.

Plaintiff's brief alleges facts that could arguably be characterized as "procedural irregularities," even though her attorney did not identify them as such. Defendants obviously agree that a "procedural irregularity" analysis could arguably apply to this case, as they devoted most of their response brief to arguing that no such irregularities actually occurred.[3] The Court will therefore permit Plaintiff to file a request that the Court consider evidence of procedural irregularities, if she wishes to do so. Such a request must identify with specificity the irregularities, and explain why they contravene ERISA or the Plan under governing authorities.

## IV.    CONCLUSION

For the above reasons, the Court DENIES Plaintiff's request.[4] Plaintiff may file a

---

[3] Defendants state that "[w]ithout a structural conflict, the only basis on which Plaintiff can conduct limited discovery regarding a conflict of interest is where a 'procedural' conflict can be evidenced in the administrative record." Defendants are conflating the concept of a "conflict of interest" with the concept of "procedural irregularities," which *Abatie* clearly distinguishes and which requires different analysis.

[4] Docket No. 15.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8269 AHM (CWx) | Date | September 10, 2009 |
|---|---|---|---|
| Title | MARTHA WINKLER v. AETNA LIFE INSURANCE COMPANY, et al. | | |

revised request to consider evidence of procedural irregularities.  If Plaintiff wishes to do so, she must file her brief, not to exceed eight pages, by not later than September 21, 2009.  Defendants may file a reply brief by not later than October 5, 2009.  The Court cautions Plaintiff that she should not file a second request unless she has a firm basis for doing so.  If Plaintiff decides not to file a second request concerning admissible evidence, she must file her opening brief on the merits of this case by not later than October 5, 2009.  Defendants must file their reply brief by not later than October 26, 2009.

                                                                                               :

Initials of Preparer     se